**ALANNA D. COOPERSMITH, SBN 248447**
Attorney at Law,
717 Washington Street
Oakland, California 94607
T-(510) 628-0596
F-(866) 365-9759
alanna@eastbaydefense.com

Attorney for Defendant
Jesus Dario Gutierrez-Ramirez

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **JESUS DARIO GUTIERREZ-RAMIREZ**, <br><br> Defendant. | NO. 18-CR-0299-02 SI <br><br> **DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE** <br><br> Date: September 14, 2019 <br> Time: 11:00 AM <br> Honorable Susan Illston |

**I.   Introduction**

Defendant, Jesus Gutierrez-Ramirez, is 36 years old, and he was 35 at the time he was arrested for participation in a conspiracy to distribute methamphetamine. He has little criminal history, his only criminal history point being attributable to a wet reckless conviction from 2009. Mr. Gutierrez-Ramirez played a relatively minor role in the instant offense. He is remorseful and accepts responsibility. He engaged in the offense not out of a taste for a lavish lifestyle or greed, but to help to support his family, including his severely disabled brother.

For these reasons and others detailed below, he agrees with the recommendation of U.S. Probation Officer Monica Romero for a downward variance from the Guidelines and a sentence of 18 months of imprisonment.

**II.   The Plea Agreement and Sentencing Recommendation**

On May 10, 2019, Mr. Gutierrez-Ramirez entered a plea of guilty to the sole count against him in the Superseding Indictment (Doc. 36), conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1),(b)(1)(A). Under the plea agreement between the parties pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B), his base offense level was 30, with an adjusted offense level of between 23 and 27 depending on whether he met the requirement for the safety valve downward departure of U.S.S.G. §§ 2D1.1(b)(18), 5C1.2 and the minor role adjustment downward departure of U.S.S.G. § 3B1.2. Prior to his plea, Mr. Gutierrez-Ramirez met with AUSA Tom Colthurst and DEA Agent Amanda Fielding and, with the assistance of an interpreter, truthfully provided all information and evidence he had concerning the offense.

By final presentence investigation report ("PSR") filed August 30, 2019, U.S. Probation Officer Monica Romero concluded that Mr. Gutierrez-Ramirez satisfied the criteria for a 2-point downward departure for safety valve (U.S.S.G. §§ 2D1.1(b)(18), 5C1.2); a 2-point minor role adjustment (U.S.S.G. § 3B1.2(b)); and a 3-point adjustment for early acceptance of responsibility (U.S.S.G. § 3E1.1.) Mr. Gutierrez's safety valve eligibility permitted the sentencing court to disregard the statutory mandatory minimum. (18 U.S.C. § 3553(f).) At criminal history category I, the defendant has an advisory Guidelines range of 46 to 57 months in prison. The government does not object to the probation officer's Guidelines findings.

The PSR recommends that the Court consider a downward variance and impose a sentence of 18 months in prison, followed by 2 years of supervised release.

**III. Factual Background**

    **A.   Offense Conduct**

Jesus Gutierrez-Ramirez was charged in a three-count, six-defendant, superseding indictment with the charge of participating in a conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. According to the superseding indictment, the conspiracy spanned from August 1 of 2017 until May 29 of 2018. From February to May 2018, Mr. Gutierrez engaged in telephone calls with a methamphetamine supplier, discussing

availability and price. On May 24, 2018, he sold less than 500 grams (458 gross grams) of methamphetamine to an undercover informant. He does not know the other defendants named in the superseding indictment other than in passing.

As the Probation Officer found and as the government has not disputed, Mr. Gutierrez-Ramirez is entitled to a two-point adjustment for the relatively minor role he played in the conspiracy.

### B. Defendant's Personal History and Characteristics

Jesus Gutierrez-Ramirez was born in a Cabazan – a small village in Mexico – in 1982. He attended school until the ninth grade. After that time, he helped his father in the fields so that he could purchase food and clothes and assist his family. The family home had one bedroom and part of the house was sheltered by a hard cardboard-like material. One of Mr. Gutierrez-Ramirez's siblings, his elder brother, Aaron Francisco, has been profoundly developmentally disabled since birth. He cannot talk, is unable to feed himself, and wears a diaper. Mr. Gutierrez-Ramirez sends money to his family in order to help pay for his intensive medical needs.

Mr. Gutierrez-Ramirez came to this country in 2005, where he has lived continuously in San Mateo County. He performed work as a janitor. Attached is an email confirming his most recent employment prior to his arrest at Genesis Building Services. (*See* Exhibit A.) Mr. Gutierrez-Ramirez has a 6 year old daughter, Dariana, who was born in the United States.

Mr. Gutierrez-Ramirez has a drug problem. By his own account, he abused alcohol and cocaine. This likely fed into his decision to sell drugs himself. Since he has been in custody, Mr. Gutierrez-Ramirez has reflected on his offense and deeply regrets the choices he made. He has participated in educational programs in order to facilitate his rehabilitation and reentry into society, including • English as a Second Language; • Substance Abuse; • Parenting; • Anger Management; and  • GED/ High School Diploma.

Other than a wet reckless and driving infractions, Mr. Gutierrez-Ramirez does not have a criminal record. At a detention hearing on July 18, 2018, Magistrate Judge Spero released Mr.

Gutierrez-Ramirez from pretrial detention on a $50,000 unsecured bond.  Unfortunately, he never tasted freedom.  ICE placed him in immigration detention.  So while other defendants who are not a flight risk or danger to the community are able to support their family and get their affairs in order, Mr. Gutierrez-Ramirez could not.[1]  He will be deported from the United States and physically separated from his daughter after his custodial sentence is completed.

## IV.  An Eighteen Month Sentence is Just Punishment under Section 3553(a)

### A.  The Ninth Circuit Declines to Apply a Presumption of Reasonableness to a Guidelines Sentence

Criminal "punishment should fit the offender and not merely the crime."  Williams v. New York, 337 U.S. 241, 247 (1949).  That requires "the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes, magnify, the crime and punishment to ensue."  *Gall v. United States*, 552 U.S. 38, 52 (2007) (quoting *Koon v. United States*, 518 U.S. 18, 113 (1996).

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc), the Ninth Circuit held that "the district court may not presume that the Guidelines range is reasonable … nor should the Guidelines factors be given more or less weight than any other."  *Id.* at 922 (citations omitted). "While the Guidelines factors are to be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence."  *Id.*

In fashioning an appropriate sentence, the court should consider the factors set forth in 18 U.S.C. § 3553(a).  The "overarching" goal is to "'impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant."  *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (citing 18 U.S.C. § 3553(a), internal quotation marks omitted).  The District Court is thus not required to use a formulaic approach to produce a mathematical justification for a non-Guidelines sentence.  *United States v.*

---

[1] Mr. Gutierrez-Ramirez was remanded back into the custody of the U.S. Marshals at his own request on August 2, 2018.  *See* Doc. No. 29.

*Gall*, 128 S. Ct. 586, 596.  Rather, it must exercise a "reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2469 (2007).  In short, the District Court's duty is to impose the least amount of time necessary to achieve § 3553(a)'s purpose.

### B.     The Totality of the Circumstances Justify Downward Variance

Mr. Gutierrez-Ramirez has never been to prison before.  He had an untreated drug addiction which was intertwined with his criminal conduct.  He is remorseful; and has made substantial strides at rehabilitation.  He faces deportation, which should mitigate the need for a lengthy prison sentence.

**Extreme Remorse.**  The probation officer found that Mr. Gutierrez-Ramirez clearly demonstrated remorse for his mistakes.  (PSR ¶¶ 20, 29.)  He was summarily arrested, deprived of the ability to be released prior to trial on account of his immigration status, and separated from his young daughter.  These sanctions instilled in him immeasurable regret for the poor choices he has made.

**Drug and Alcohol Addiction.**  Mr. Gutierrez-Ramirez had an untreated drug and alcohol addiction, consisting of drinking alcohol to excess and combining it with cocaine.  This drug and alcohol problem fostered his criminal behavior.  Rehabilitation and protection of the public does not hinge on a long prison sentence.  It requires meaningful drug and alcohol treatment.  Mr. Gutierrez-Ramirez attends a substance abuse program in the jail and is determined to continue treatment.

**Post-Offense Rehabilitation.**  In the most bleak of circumstances (jail), Mr. Gutierrez-Ramirez has sought out opportunities to improve himself whenever possible.  Certificates attesting to his participating in the following programs are attached hereto as <u>Exhibit B</u>:

   Parenting

   Substance Abuse

   English as a Second Language

   GED/High School Diploma

Anger Management

**Ill Brother and Young Child.**  Mr. Gutierrez-Ramirez's older brother has suffered from a severe disability since birth.  His parents provide loving care for him in their home in Cabazan, Mexico.  The medication and medical supplies he requires are expensive – too expensive for his mother and father for pay for alone.  Part of Mr. Gutierrez-Ramirez's earnings are sent home to support the family.  Attached as Exhibit C is a photograph of Jesus' Gutierrez-Ramirez's brother Aaron Francisco and an invoice for his medical services.  Attached as Exhibit D is a character letter from Mr. Gutierrez-Ramirez's mother.  Attached as Exhibit E is a letter from a member of the church congregation in Cabazan, Mexico, acknowledging Mr. Gutierrez-Ramirez's donations to help repair the church's doors and help a member of the congregation who had cancer.  Of course, Mr. Gutierrez-Ramirez was also motivated by the desire to help his six-year old daughter, Dariana, whose Father's Day card is attached as Exhibit F.

**Mr. Gutierrez-Ramirez Faces Deportation.**  Jesus Gutierrez-Ramirez will be deported.  That means he will face the harshest punishment of all, *permanent exile from his daughter and community*, no matter what prison term the court imposes.  The court may consider this collateral consequence of his criminal conviction when fashioning a sentence that is "sufficient, but no more than necessary" under 18 U.S.C. § 3553(a).  *See United States v. Mendez-Velarde*, 798 F. Supp. 2d 1249 (D.N.M. 2011); *United Sates v. Villanueva*, 2007 WL 4410378 (E.D. Wisc. Dec. 14, 2007.  In terms of any risk that Mr. Gutierrez-Ramirez would reoffend and deterrence to others, the drastic sanction of deportation militates against the need for a harsher sentence.

### Conclusion

For all of the above reasons, Mr. Gutierrez-Ramirez respectfully joins in the recommendation of the Probation Officer of eighteen months in custody, followed by two years of supervised release.

Dated: September 6, 2019                                           Respectfully Submitted,

/s/ Alanna Coopersmith
_____
Alanna D. Coopersmith
Attorney for Defendant,
Jesus Gutierrez-Ramirez